## Case No. 213.

### ALLEN v. ARGUELLES.

[4 Cranch, C. C. 170.][1]

Circuit Court, District of Columbia. May Term. 1831.

FOREIGN JUDGMENT—JUSTICE OF THE PEACE.

A transcript of a judgment and proceedings of a justice of the peace in Pennsylvania, entered of record in a county court, is not a judgment of that court.

At law. Debt [by John Allen against E. T. Arguelles] upon the judgment of the county court of Philadelphia county, in Pennsylvania. Plea nul tiel record, and issue. The plaintiff produced a certificate, under the seal of the county court, that a transcript of a judgment and proceedings before a justice of the peace was filed and entered of record in that court.

Mr. Lear, for plaintiff.
Mr. Wallach, for defendant.

THE COURT, (THRUSTON, [Circuit Judge,] doubting,) was of opinion that the judgment of the justice at his chambers, a transcript of which was filed and entered in the records of the county court, was not a judgment of the county court, although the prothonotary of that court was authorized by statute to issue a fieri facias thereon to bind lands.

## Case No. 214.

### ALLEN v. BENNETT.

[6 Amer. Law Rev. (1872,) 755.]

District Court. D. Connecticut.

LEASE—CONDITION AGAINST ASSIGNMENT—BREACH —BANKRUPTCY.

This was a bill in equity brought by an assignee in bankruptcy to enjoin one who had leased a store to the bankrupt from disturbing the petitioner's possession. The lease stated that the store was to be used by the bankrupt as a dry goods store, and provided for a forfeiture in case of an assignment without the written consent of the lessor.

The court (SHIPMAN, District Judge) held that the assignment to the petitioner, being the act of the law, did not work a forfeiture; and that an assignment by him, as the agent of the law, to a purchaser of the leasehold interest, would be equally without the proviso.